

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00659-CV

———————————————

IN THE INTEREST OF A.W. AND A.W., CHILDREN

---

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 24-7719-442

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant R.W.[1], acting pro se, attempts to appeal from the trial court's alleged "refusal to sign [his] Proposed Order on Lack of Jurisdiction filed on December 1, 2025, and any subsequent orders related to jurisdiction, temporary conservatorship, or other proceedings in this cause." But we have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders), and the trial court's refusal to rule is neither a final judgment nor an appealable interlocutory order.[2] Without a final judgment or an appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195, 200.

We sent Appellant a letter informing him that we had received a copy of his notice of appeal and notifying him of our concern that we lack jurisdiction over this appeal. Our letter instructed Appellant to furnish this court with a signed copy of the order that Appellant wished to appeal and warned that the failure to do so would result in the dismissal of the appeal for want of jurisdiction. *See* Tex. R. App. P.

---

[1]*See* Tex. R. App. P. 9.8(b)(2) (requiring court to use an alias to refer to a minor, and, if necessary to protect the minor's identity, to refer to the minor's parent or other family member).

[2]The trial-court clerk informed us that the trial-court judge has not signed a final judgment or an appealable interlocutory order.

42.3(a), 43.2(f), 44.3. In response, Appellant filed various motions and documents,[3] but none of them contained a final judgment or a signed appealable interlocutory order.[4]

Because there is no final judgment or interlocutory order subject to immediate appeal, we lack jurisdiction over this appeal. *See Lehmann*, 39 S.W.3d at 195, 200. Accordingly, we dismiss this appeal for want of jurisdiction.[5] *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also In re L.E.*, No. 02-25-00215-CV, 2025 WL 1599966, at *1 (Tex. App.—Fort Worth June 5, 2025, no pet.) (mem. op) (dismissing appeal for want of jurisdiction because there was no final judgment or appealable interlocutory order).

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 15, 2026

---

[3]Appellant's filings included (1) an emergency motion for a stay and for the immediate return of children, (2) a supplement to the emergency motion, (3) a second supplemental emergency motion, and (4) a motion to abate the trial court proceedings pending appeal and emergency review.

[4]The State filed a motion to dismiss the appeal for want of jurisdiction, contending that "[t]here is not an appealable order of which [Appellant] may base an appeal."

[5]In light of our disposition, Appellant's pending motions are denied, and the State's motion to dismiss is denied as moot.

3